EASTERN DIST.
*May*, 1839.
_____

ARMSTRONGS
*vs.*
BALDWIN,
SYNDIC, ETC.

ARMSTRONGS *vs.* BALDWIN, SYNDIC, &c.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A party must be put in default before damages can be claimed, for the non-compliance of a reciprocal obligation.

Where an act of pledge transfers to the pledgee all the pledgor's rights and interest to certain notes secured by mortgage, subrogating him to all his rights of proceeding by the executory process to enforce payment of the notes, the pledgee may have his order of seizure and sale in the same manner as the pledgor could have had.

This is an opposition to executory process. The defendant in the opposition, Joshua Baldwin, syndic of the creditors of Thomas C. Swain and brothers, took out an order of seizure and sale on one of three promissory notes secured by mortgage on the property seized ; drawn by C. & A. Armstrong, the present plaintiffs. The Armstrongs executed this note, together with two others "*drawn to the order of and endorsed by J. R. Pully,*" dated the 12th January, 1837, and payable in twelve, eighteen and twenty-four months. These notes were given in payment of the price of two city lots which they purchased from one Henry C. Myers. In the act of sale, Myers sells and transfers sixty shares of stock in the Citizens' Bank to the purchasers, subscribed and held on said lots, and binds himself to make such other transfer whenever thereto required, as may be necessary and required by the rules and regulations of the bank. No other transfer was ever made ; there is no evidence that Myers was ever called on to make it. Myers was allowed to keep possession of the property under a lease to the Armstrongs. On the 8th of August following, Myers executed an act of pledge before a notary, in which he pledged and pawned said notes to Joshua Baldwin, syndic of the creditors of Thomas C. Swain and brothers, and in case they "*were not punctually paid at maturity,*" he, the said Myers, transfers to the said Baldwin, syndic, &c. all his rights under the above act of mortgage, particularly

subrogating the said Baldwin to all his rights of proceeding by executory process to enforce payment of said notes by seizure and sale of the mortgaged premises."

EASTERN DIST.
*May*, 1839.
ARMSTRONGS
*vs.*
BALDWIN,
SYNDIC, ETC.

The plaintiffs allege, that they never had notice of this pledge to Baldwin, and are entitled to all equities and offsets against Myers, and that they have a claim of five hundred dollars for rent due by him, which they ask to be credited on the note, together with twelve hundred dollars, for the profit which the stock in the Citizens' Bank will readily sell for if transferred. They allege several other matters in defence, such as irregularities in the executory proceedings, &c., and pray for an injunction to restrain the sale and prohibit all further proceedings, until Myers transfers the sixty shares of stock, and their credits are allowed on the note sued on.

On the trial of the opposition and injunction, the district judge was of opinion that the ownership of the notes in question was still in Myers, the pledgor, qualified by the pledge it was true, but in no manner extinguished. The suit should have been brought in the name of Myers. Judgment was rendered, perpetuating the injunction, and the defendant appealed.

*Schmidt,* for the plaintiffs in injunction.

*Strawbridge, contra.*

*Rost, J.* delivered the opinion of the court.

The petitioners gave their three several promissory notes to the order of, and endorsed by, J. R. Pully to one Henry C. Myers, for the purchase of real estate. Their vendor retained possession of the estate under a lease, and moreover bound himself to transfer to them sixty shares of the stock of the Citizens' Bank, secured by mortgage upon it; which transfer he has failed to make. Myers pledged their notes to the defendant before they became due, as collateral security on a purchase of town property. The defendant took an order of seizure upon the first of those notes, and the real estate for which they had been given was seized and advertised to

EASTERN DIST. be sold. The plaintiffs alleging that Myers was justly
May, 1839. indebted to them in the sum of seventeen hundred dollars
for rent and damages for having failed to transfer the stock,
ARMSTRONGS enjoined the sale and prayed that the defendant might be
*vs.*
BALDWIN, ordered to allow them in compensation the sum they claimed,
SYNDIC, ETC. and that he might further be inhibited from all further pro-
ceedings, until Myers had transferred the bank stock to them.

The defendant pleaded the general issue, and the case
having been tried in the first instance, the injunction was
made perpetual without prejudice to the rights of the defen-
dant to institute all suits for the same cause of action, in the
name of H. C. Myers, and for the use of the creditors of the
insolvents he represented. The defendant appealed.

The three notes of the plaintiffs were negotiable, and the
evidence shows that they were pledged to the defendant
before their maturity. Not being at that time due and
demandable, no compensation could take place between
them and the plaintiffs' claim for rent. If the notes had
A party must been due, the damages could not have been compensated
be put in default
before damages with them, because they were not liquidated, and because
can be claimed
for the non-com- moreover the plaintiffs have failed to show that they had put
pliance of a re-
ciprocal obliga- Myers in default.
tion.
Where an act The district judge was of opinion that the defendant could
of pledge trans- not take an order of seizure in his own name, but must pro-
fers to the pled-
gee all the pled- ceed in the name of Myers, for the use of the creditors of
gor's rights and
interest to cer- the insolvents he represents.
tain notes, secu-
red by mortgage, The plaintiffs pray for no relief on that account, and if
subrogating him they did, it appears to us that the act of pledge fully justifies
to all his rights
of proceeding by the proceeding of the defendant. It provides that if the
the executory notes are not paid at maturity, *Myers transfers to the defendant*
process to en-
force payment of *all his rights under the act of mortgage, and subrogates him*
the notes, the
pledgee may *particularly to all his rights of proceeding by executory process*
have his order of
seizure and sale *to enforce the payment of the notes by seizure and sale of the*
in the same man- *mortgaged premises.* This provision precludes the idea that
ner as the pled-
gor could have proceedings were intended to be carried on in the name of
had.
Myers. The necessary effect of the subrogation is to put the
defendant in his place. The plaintiffs had no cause of action
and the judgment must be reversed.

It is therefore ordered and adjudged, that the judgment of the district court be avoided and reversed and the injunction dissolved, with costs in both courts ; and interest at the rate of ten per cent. per annum on three thousand dollars, from the 12th January, 1838, till paid.