## No. 3656.

### J. W. GARRISH vs. W. B. HYMAN.

When the mortgage act has the necessary revenue stamps, the notes identified with the act need not be stamped.

A mere reference in any public act to a certain plan, or record, for the sake of certainty, does not make it a part of the act, and hence a certified copy of the act is complete without such plan, or record.

The possession of a negotiable note, indorsed in blank, and secured by a mortgage given in favor of any future holder of the note, will authorize the holder of the note to take out executory process.

It is not necessary for a judge to give a statement of reasons, in an order of seizure and sale.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee, J. N. Commandeur*, for plaintiff and appellee. *W. B. Hyman*, for defendant.

The opinion of the court was delivered by EGAN, J.

This appeal is from an order of seizure and sale.

The first ground of error assigned is that the order was granted on non-authentic and insufficient evidence, and that no mortgage or privilege is shown in favor of any one.

The record contains an authentic act of sale with mortgage reservation, and two promissory notes regularly paraphed and identified with the act which secures their payment. The evidence was both authentic and sufficient.

The second error assigned is the want of revenue stamps upon either act of sale and mortgage, or notes, and which are therefore alleged to be *null* and should not have been received in evidence.

It is unnecessary for this court to consider whether any such effect would follow, even if the facts were as stated, as the copy of the act of mortgage in the record claims that the revenue stamps were affixed to the original act. This is all the law required; where the mortgage was stamped the notes were not required to be stamped.

The third ground of error assigned is that the copy of the act shows on its face that it is not a true and full copy, and that it was not certified by one authorized in law to do so.

The copy was certified by Andrew Hero, notary public and custodian of notarial records for the city of New Orleans and parish of Orleans. He was the proper officer to give and certify the copy and certificate, and he does certify that the copy presented to the judge *a quo* and upon which he acted is "a true and correct copy of the original act." The objection that it was not a true and full copy as shown by its face we presume was based upon the absence of a sketch of property conveyed in the act, which is therein said to be "annexed *in the margin for reference*," and "marked" by the notary "to identify it." This sketch was

not made a part of the act by being thus referred to and marked, any more than was another lithographic plan said in the act to be deposited in the office of De Armas, notary public, which is also referred to. Such reference in acts, public and private, is very frequent, and while contributing to certainty of description, by no means makes the act, or plan or record, referred to, a part of the act. We think then the third ground of error was not well taken.

The fourth assignment is the absence of *authentic evidence* of any right in plaintiff as claimed; excess in the amount to satisfy which the sale was ordered; and the granting of " executory process," when not prayed for.

The right of the plaintiff is shown by the fact that he appears as the owner and holder of two promissory notes found in the record, payable to the order of appellant and by him indorsed, and so recited in the act of mortgage, which is in favor of the vendor and immediate mortgagee or "any future holder" of the notes. That this is sufficient authentic evidence to authorize " any holder" to sue out executory process is too well settled to be now controverted. As to the other two grounds in this, the fourth assignment, we find nothing in the record to sustain them. The order is granted for the amount of the notes with eight per cent interest from the date stipulated in them, with only the addition of three dollars and ninety-five cents, cost of protest, and four dollars, cost of copy of act of sale and mortgage, which were properly allowed, but if not, would come under the rule "*de minimis*," and as to the other ground, the petition expressly prays for " executory process."

The fifth and only remaining ground of error assigned is that the judge adduced no reason for granting executory process, and therefore failed to comply with the constitution of the State in his order, which is a judgment.

The record discloses that the petition, notes, and authentic copy of the act of sale and mortgage, importing confession of judgment, were presented to the district judge, whose order appears to have been written upon the petition, at the foot of which it is found in the record in these words, " let executory process issue herein as prayed for and according to law," and is sealed and signed by the judge. While it might be the better practice to refer to the petition and accompanying evidence in the order, the form used by the district judge is, we believe, the usual one; and is to be interpreted by the law requiring the production of authentic evidence before granting an order of seizure and sale. We are, however, not disposed to regard a statement of reasons in the order itself as sacramental in regard to this class of orders, which for some purposes and to a certain extent have the effect of judgments.

As the appellant may have supposed that there was error to his prejudice, although we see none, we are not disposed to allow damages for a frivolous appeal, as prayed for by the appellee.

It is therefore ordered, adjudged, and decreed that the order of seizure and sale in this case be sustained and affirmed, and that appellant pay costs.