## Case No. 3,759.

### DE LAVEAGA v. WILLIAMS, et al.

[5 Sawy. 573; 8 Reporter, 548; 4 Pac. Coast Law J. 51; 20 Alb. Law J. 336.][1]

Circuit Court, D. California. Aug. 14, 1879.

FEDERAL COURTS—TRANSFER OF TITLE TO GIVE JURISDICTION.

Where a citizen of the state transfers real property to an alien, the circuit court of the United States will take jurisdiction of a suit affecting such property brought by the alien against another citizen, although the conveyance was upon a nominal consideration, and made for the purpose of giving the court jurisdiction, provided it be not accompanied with an agreement to retransfer the property to the grantor after the termination of the litigation. The court in the absence of such agreement will not inquire into the motives which induced the transfer.

[Followed in Marion v. Ellis, 10 Fed. 412. Cited in Coffin v. Haggin, 11 Fed. 224; Collinson v. Jackson. 14 Fed. 310; Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 761.]

[Suit in equity by Miguel A. De Laveaga against Thomas H. Williams and others.] This case came before the court on a plea of abatement to the jurisdiction of the court.

George W. Gordon, in support of the plea. Wm. Irvine, contra.

Before FIELD, Circuit Justice, and SAWYER, Circuit Judge.

FIELD, Circuit Justice. This is a suit in equity, to restrain the defendants from carrying into effect certain proceedings taken by them for the reclamation of swamp and overflowed lands in San Joaquin county.

The complainant is a subject of the king of Spain, and claims to be the owner of an undivided fourth interest in a portion of these lands under a deed executed in August, 1877, by Henry M. Naglee, who then held the entire estate. The deed recites a consideration of one dollar, but the evidence of the complainant shows that no consideration was ever paid, and that the deed was executed to enable him to bring this case in the circuit court of the United States; and also, that the expenses of the litigation have been hitherto borne by his grantor.

The defendants have interposed a plea in abatement to the suit, that the complainant was not at the time of its institution the actual owner of any interest in the premises to be affected by the reclamation intended; and that the deed of Naglee, under which he

claims, is merely colorable, made and delivered simply to give the court jurisdiction, and upon the understanding that the grantor was to retain all the interest in the premises.

Upon the evidence stated the defendants rely to sustain the plea, and oust the court of jurisdiction, Naglee, the grantor, being a citizen of California, the state of which they are citizens.

There is no doubt, that the sole object of the deed to the complainant was to give this court jurisdiction, and that the grantor has borne, and still bears the expenses of the suit. But neither of these facts renders the deed inoperative to transfer the title. The defendants are not in a position to question the right of the grantor to give away the property if he chooses so to do. And the court will not, at the suggestion of a stranger to the title, inquire into the motives which induced the grantor to part with his interest. It is sufficient that the instrument executed is valid in law, and that the grantee is of the class entitled under the laws of congress to proceed in the federal courts for the protection of his rights. It is only when the conveyance is executed, to give the court jurisdiction, and is accompanied with an agreement to re-transfer the property at the request of the grantor upon the termination of the litigation, that the proceeding will be treated as a fraud upon the court. Such was the case of Barney v. Baltimore City, upon which the defendants rely. 6 Wall. [73 U. S.] 280. Here there was no such agreement; and it will be optional with the complainant to re-transfer or to retain the property. He is by the deed absolute owner of the interest conveyed, and can only be deprived of it at his own will, and upon such considerations as he may choose to exact. Being such owner, and a subject of a country on terms of amity with the United States, his right to seek the federal court is indisputable. See Briggs v. French [Case No. 1,871].

The complainant must have judgment on the plea of abatement; and the defendants must file their answer on or before the next rule day; and it is so ordered.