## MARION v. ELLIS.*

(*Circuit Court, E. D. Louisiana.* February 14, 1882.)

1. JURISDICTION OF CIRCUIT COURTS—TRANSFER OF NEGOTIABLE PAPER TO GIVE JURISDICTION.

Where a citizen of one state transfers mortgage notes held by him to a citizen of another state, or a foreigner, who thereupon, by virtue of his citizenship, brings suit upon the same in a circuit court, the circuit court will take jurisdiction of such a suit, although the transfer was made for the purpose of giving the court jurisdiction, provided such transfer be not accompanied with an agreement to retransfer the property to the grantor after the termination of the litigation. The court, in the absence of such agreement, will not inquire into the motives which induced the transfer.

*De Laveaga* v. *Williams*, 5 Sawy. 574, followed.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

PARDEE C. J. When this cause was lately before the court,* it was decided that "the demurrers herein filed will be sustained except so far as the issue of Marion's ownership is concerned, and that will leave the petition or cross-bill substantially a plea to the jurisdiction, on the ground that Marion has been collusively made a party in order to give the court jurisdiction." On this plea to the jurisdiction evidence has been taken and the parties have been heard. The evidence shows that the firm of Grobel & Co., being the holders of the mortgage notes in controversy, pledged them to plaintiff, Marion, to secure the sum of $250 borrowed money; that the object of Grobel & Co. was to transfer the notes to such a holder as could institute foreclosure proceedings in the United States court; that plaintiff, Marion, loaned the money to Grobel & Co., and took the notes in pledge, without any knowledge of the object of Grobel & Co.; that he only learned the object after the transaction was completed. On this showing the matter is submitted to the court, and the question is whether the transaction is a pure simulation or a veritable contract.

There seems to be no doubt that, as between Marion and Grobel & Co., the arrangement is a binding contract. Marion paid the money over, and has not been repaid. He took the notes in pledge, as he had a right to do. He had no knowledge of the object of Grobel & & Co., even if that object would affect the transaction. This conclusion decides the plea adversely, for there can be no doubt that if plaintiff became the pledgee of the notes in good faith, he would have undoubted right to bring suit for foreclosure. See *Armstrongs* v. *Baldwin*, 13 La. 566; *Garrish* v. *Hyman*, 29 La. Ann. 28; and see *Giovanovich* v. *Citizens' Bank*, 26 La. Ann. 15. The citizenship of the parties would give the court jurisdiction.

The case of *Lawrence* v. *Holmes*, decided at the last term, was a case of simulation; in other words, "there was no actual transfer of the account sued on. The transfer alleged was a pretence."

But it is urged that the friendly relations shown to exist between Marion and Grobel & Co., and the large amount of notes—over $3,000 —given in pledge between friends to secure so small a loan,—$250— evidences that the transaction, although a contract, was one made to give the court jurisdiction, and it is argued that this is a fraud on the court.

Concede that the contract of transfer was made by both parties with a view to enable suit to be instituted in this court, and still the

*See 9 FED. REP. 369.

plea must fail under the rules laid down in numerous adjudicated cases.

In the case of *De Laveaga* v. *Williams*, reported in 5 Sawy. 573, Mr. Justice Field said:

"There is no doubt that the sole object of the deed to the complainant was to give this court jurisdiction, and that the grantor has borne, and still bears, the expenses of the suit. But neither of these facts renders the deed inoperative to transfer the title. The defendants are not in a position to question the right of the grantor to give away the property if he chooses to do so. And the court will not, at the suggestion of a stranger to the title, inquire into the motives which induced the grantor to part with his interest. It is sufficient that the instrument executed is valid in law, and that the grantee is of the class entitled under the laws of congress to proceed in the federal courts for the protection of his rights. It is only when the conveyance is executed to give the court jurisdiction, and is accompanied with an agreement to retransfer the property at the request of the grantor upon the termination of the litigation, that the proceeding will be treated as a fraud on the court." See, also, *Briggs* v. *French*, 2 Sumn. 256; *Smith* v. *Kernochan*, 7 How. 215; *Barney* v. *Baltimore*, 6 Wall. 288.

Counsel, by brief, attempt to raise the question that Grobel & Co., being themselves the pledgees of the notes against defendant, had no right to repledge them to plaintiff. To this it may be answered: (1) That is no issue now in the case; (2) the defendant can raise no such issue, it being no concern of his; (3) that so far as it was in this case it has been settled by the ruling on the demurrers lately decided.

The complainant must have judgment on this plea to the jurisdiction. And as the balance of the defendant's petition or cross-bill has been held bad on demurrer, there is nothing left in the case to sustain the outstanding injunction to restrain the sale originally ordered in the premises. Judgment may therefore be also entered dissolving the injunction heretofore issued in this case, with costs, and reserving to complainant his right to proceed on the injunction bond for all damage incurred by reason of said injunction.

Let a decree in accordance herewith be entered.

NOTE. A *bona fide* conveyance of property in controversy for the express purpose of conferring jurisdiction, is no ground for remanding a cause to the state court, (*Hoyt* v. *Wright*, 4 FED. REP. 168;) but a defendant cannot acquire the right to a removal by the purchase of the interests of his co-defendants. *Temple* v. *Smith*, 4 FED. REP. 392.—[ED.