FRANCISCO RODRÍGUEZ CINTRÓN, Plaintiff and Appellant, v. PLAZUELA SUGAR Co., Defendant and Appellee.

No. 4517. Argued December 12, 1928.—Decided June 7, 1929.

*Luis Mercader* for the appellant.   *J. Sifre Jr.* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Francisco Rodríguez Cintrón and his wife Ana de León brought this action to establish the alleged non-existence of a railroad right of way across a parcel of ten *cuerdas* of land belonging to plaintiffs.  Rodríguez Cintrón died before the trial and his heirs were substituted as plaintiffs.  The district court dismissed the action after a trial on the merits.

The first contention of appellants is that the court below erred in the admission of two notarial instruments, (*a*) because they were incomplete, (*b*) because they were at variance with the averments of the answer and came as a surprise to plaintiffs, and (*c*) because they were not contracts for the establishment of a servitude upon the lands described therein.

When the first of these two documents was offered in evidence counsel for plaintiffs objected, because it was without probative value unless accompanied by a plat made in accordance with the provisions of the instrument.  A second objection was that defendant had alleged a contract between Celestina Cintrón (mother of Rodríguez Cintrón) and The Plazuela Sugar Company (here the record recites that counsel read from the complaint), while the deed offered in evidence shows that doña Celestina created a servitude upon a strip of land described therein, the boundaries of which were entirely different from those of the land described in the complaint.

The deed executed by Celestina Cintrón, mother of Rodríguez Cintrón and predecessor in interest of plaintiffs, recites that she was the owner of ten *cuerdas* of land described therein; that the Plazuela Sugar Company was the owner of a railroad already in operation across a part of the Cintrón property with the consent of the owner; that the parties had agreed upon the establishment of a permanent easement in

that portion of the property so occupied, and thereinafter to be described; and that in order to fix exactly the location of the said railroad and right of way the parties had commissioned a surveyor to make a plat in accordance with which the deed was to be drawn. The plat was to be placed in the protocol of the notary together with the deed and as part thereof.

A strip of land six meters wide, bounded on the North and on the South by other lands of Celestina Cintrón and on the East and West by the lands of adjoining property owners, was then segregated from the parcel of ten *cuerdas*, and granted, ceded and transferred to the Plazuela Sugar Company, "with the right by said corporation to the use thereof in perpetuity for the establishment, location and operation of a railroad" etc. It was expressly agreed that so long as the railroad remained upon the strip of land so segregated, the party of the first part would not in any way interfere with or impede the free movement of trains or any act of ownership incident to the enjoyment of the right of way granted by the said instrument.

In *Román* v. *Agosto,* 27 P.R.R. 529, 532, this court held that in a proper case a notary may issue a certified copy of a clause or of the pertinent portion of a notarial instrument without the necessity of transcribing the entire document. See also *Garish* v. *Hymen,* 29 La. Ann. 28. In the instant case there was no question as to the exact location of the right of way upon the ground. The only issue was as to the existence or non-existence of an easement. The deed was offered as evidence of title in defendant, not for the purpose of identifying the strip of land actually occupied by defendant.

The court, therefore, did not err in admitting the document. In any event the only objection made at the trial in connection with the absence of the plat presented a question of probative value only, and no other reason for excluding the document can be successfully urged for the first time on appeal.

The theory of surprise occasioned by a variance between the averments of the answer and the evidence adduced by defendant, as developed in the brief for appellants, seems to be that defendant pleaded an easement while the evidence discloses a deed of conveyance. The only variance suggested at the time of the tender was that the deed offered by defendant established a servitude upon a narrow strip of land described therein, and not as alleged in the answer upon the parcel of ten acres described in the complaint. The variance was not material. There was no ground for surprise. We also concur in the view of the instrument taken by counsel at the time of the trial, namely, that it was not a deed of conveyance but the grant of an easement in the land.

The objections urged against the admission in evidence of the deed executed by Rodríguez Cintrón and his wife are without merit.

Other questions discussed in the brief for appellants go to the weight and sufficiency of the evidence. We have examined the stenographic record and find therein no reason to disturb the findings of fact.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurred, except in the application of the case of *Román* v. *Agosto*.