FRANCISCO RODRÍGUEZ CINTRÓN (hoy su Sucesión), demandante y apelante, *v.* PLAZUELA SUGAR Co. demandada y apelada.

No. 4517.—*Sometido:* Diciembre 12, 1928. *Resuelto:* Junio 7, 1929.

*Luis Mercader,* abogado de la apelante; *J. Sifre Jr.,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Francisco Rodríguez Cintrón y su consorte Ana de León, entablaron este pleito para establecer la alegada inexistencia de una servidumbre de paso ferroviario sobre un predio de diez cuerdas de terreno pertenecientes a los demandantes. Rodríguez Cintrón falleció antes del juicio, y sus herederos fueron substituidos como demandantes. La corte de distrito desestimó la acción después de celebrar un juicio sobre los méritos del caso.

La primera contención de los apelantes es que la corte inferior erró al admitir dos documentos notariales, (*a*) porque eran incompletos, (*b*) porque son inconsistentes con las alegaciones de la contestación, y eran como una sorpresa para los demandantes, y (*c*) porque no constituían contrato alguno de servidumbre sobre los terrenos en ellos descritos.

Cuando el primero de estos dos documentos fué ofrecido en evidencia, el abogado de los demandantes se opuso por el fundamento de que el mismo carecía de valor probatorio a menos que estuviera acompañado de un plano levantado a tenor de lo dispuesto en la escritura. La segunda objeción fué que la demandada había alegado un contrato entre Celestina Cintrón (madre de Rodríguez Cintrón) y la Plazuela Sugar Company (aquí el récord dice que el abogado leyó ·de la demanda), mientras que la escritura ofrecida ·en evidencia demuestra que doña Celestina constituyó una servidumbre sobre la faja de terreno allí descrita, cuyas colindancias eran enteramente distintas a las de los terrenos descritos en la demanda.

En la escritura otorgada por Celestina Cintrón, madre de Rodríguez Cintrón y causahabiente de los demandantes, se dice que ella era dueña de diez cuerdas de terreno que allí se describían; que la Plazuela Sugar Co. era dueña de un ferrocarril en explotación que cruzaba parte de la finca de Cintrón, con el consentimiento del dueño; que las partes habían acordado el establecimiento de una servidumbre a perpetuidad en esa porción de la finca así ocupada, la cual se describiría más adelante; y que a fin de precisar con exactitud la posición del ferrocarril supradicho y de la servidumbre de paso, los otorgantes habían comisionado a un agrimensor para que levantara un plano, con arreglo al cual debería redactarse la escritura. El plano debía ser protocolizado junto con la escritura, como parte de ella.

Se segregó entonces del predio de diez cuerdas una faja de terreno de seis metros de ancho, lindando al norte y al sur con otros terrenos de Celestina Cintrón, y por el este

y oeste con terrenos de otros propietarios, faja que **fué** dada, cedida y traspasada a la Plazuela Sugar Co., "con derecho por dicha corporación al uso de la misma a perpetuidad para establecer, fijar y explotar una línea férrea," etc. Se convino expresamente que mientras permaneciera la vía férrea sobre el terreno así segregado, la primera compareciente no podría en modo alguno entorpecer o impedir la libre circulación de los trenes, o cualquier acto de dominio incidental al disfrute de la servidumbre concedida por dicha escritura.

En el caso de *Román* v. *Agosto*, 27 D.P.R. 574, este tribunal resolvió que en un caso adecuado un notario puede expedir copia certificada de una cláusula o de la parte pertinente de un instrumento notarial sin necesidad de transcribir todo el documento. Véase también *Garish* v. *Hyman*, 29 La. Ann. 28. En el presente caso no se suscitó cuestión alguna respecto a la posición exacta de la servidumbre de paso sobre el terreno. La única controversia fué en lo tocante a la existencia o inexistencia de una servidumbre. La escritura fué ofrecida como prueba de título en la demandada, y no con el fin de identificar la faja de terreno que la demandada en realidad ocupa.

Por tanto, la corte no erró al admitir el documento. De todos modos, la única objeción que se planteó durante el juicio con relación a la falta del plano, levantó una cuestión respecto al valor probatorio solamente, y no puede alegarse con éxito por primera vez en apelación ningún otro motivo para excluir el documento.

La teoría de una sorpresa ocasionada por una incongruencia entre las alegaciones de la contestación y la evidencia aducida por la demandada, según se desarrolla en el alegato de los apelantes, parece ser la de que la demandada alegó una servidumbre, mientras que la prueba revela una escritura de enajenación. La única variación sugerida en el momento de ofrecerse la prueba, fué que la escritura presentada por la demandada establecía una servidumbre sobre una estre-

cha faja de terreno allí descrita, y no, según se alega en la contestación, sobre la parcela de diez cuerdas que se describe en la demanda. La variación carecía de pertinencia. No había motivo de sorpresa. También estamos de acuerdo con el criterio que sobre el documento expresaron los letrados en el momento del juicio, a saber, que no era una escritura de enajenación, sino la concesión de una servidumbre sobre los terrenos.

Las objeciones presentadas contra la admisión en evidencia de la escritura otorgada por Rodríguez Cintrón y su esposa, carecen de mérito.

Las otras cuestiones discutidas en el alegato de los apelantes se dirigen al peso y la suficiencia de la prueba. Hemos examinado la transcripción taquigráfica, y no hallamos en ella motivo alguno para alterar las conclusiones de hecho.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Sr. Wolf está conforme con la sentencia y opinión excepto en la aplicación del caso de *Roman v. Agosto* 27 D.P.R. 574.