Mr. Chief Justice TANEY.
 

 It. appears from the record in this ca'sejhat a bill in chancery was filed in the Circuit Court for the district of Illinois, by the appellant against the appellee, who .was the marshal for that district, stating among other things that the United States had recovered a judgment in,the District Court for the district of Illinois, against one John S. C. Hagan and. Gholson Kirehenal, for the sum of $600 damages, and $35 .25 cents'costs, upon which an execution had been issued, directed to,the said'marshal, who had levied it upon-a certain lot of ■land and premises described in the bill, upon which the complainant, as administrator as aforesaid, held a mortgage to a large amount mentioned in the bill,-and which he was then proceeding to foreclose; and averring that the said property was not chargeable with the said judgment, and - that he was in danger of losing the benefit of his mortgage, by a sale under the.execution/and praying that the marshal might be enjoined from making such sale.
 

 Upon this -bill án injunction was granted, and the appellee after-wards put in his answer, and the cause was 'proceeded in Until a final hearing, when the .injunction was dissolved' and the bill dismissed.
 

 It is unnecessary to state more- particularly the character of the controversy, because the' case how comes before, us on a motion to dismiss, upon-the ground that the matter in dispute is not sufficient in amount to give jurisdiction to this court.
 

 The- motion is resisted by the appellant, who insists that the jurisdiction depends on the value .of the property upon which the exe- •• cution has been laid, .and. the amount of the appellant’s, interest in it. And .as the property is worth much more than .the sum required to give jurisdiction, and the mortgage also for a larger amount, he has a right to appeal to this court ffom the decree of the Circuit Court; because, as he allows, he may lose the vahóle benefit of his' mortgage by a forced sale under the execution.
 

 We think otherwise. The only -matter in • controversy between the parties is-the amount claimed on the execution. The dispute is whether the property in question is liable -to be charged with "it or not. The jurisdiction does not depend -upon the amount of-any contingent loss or. damage which one. of the parties may sustain by a decision- against him, but upon the amount in dispute between theta;. and as that amount is in this case below two thousand dollars, the- appeal must be dismissed.