ALKIRE GROCERY CO. v. RICHESIN et al.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. January 9, 1899.)

1. FEDERAL COURTS—JURISDICTION—CREDITORS' BILL.

A judgment creditor in a state court, who has sued out an execution and obtained a nulla bona return, may file a creditors' bill based on said judgment and nulla bona return in the circuit court of the United States for the district comprising the county in which the judgment of the state court was rendered.

2. JUDGMENT—RES JUDICATA—COURTS—JURISDICTIONAL AMOUNT—PLEAS TO JURISDICTION—DEMURRER.

The Alkire Grocery Company, a corporation organized under the laws of the state of Missouri, recovered a judgment in the circuit court of Boone county, Ark., against Jesse R. Richesin, and afterwards acquired two judgments, rendered in the same court, against said Richesin, one from Simmons Hardware Company, and one from A. Frankenthal & Bros., both citizens of Missouri, and all of said judgments were for sums less than $2,000, but the aggregate more than $3,000. The Alkire Grocery Company sued in the Boone circuit court in Arkansas on all the three judgments, and recovered judgment in its own name for $3,264.66, sued out execution, and procured a nulla bona return, and then filed this bill against the judgment debtor and his wife and son to vacate certain alleged fraudulent conveyances to them. The property held by the son was $400 in value; that held by the wife more than $2,000. Each of the defendants filed pleas to the jurisdiction on the grounds (a) that Alkire Grocery Company only held the judgments of Simmons Hardware Company and A. Frankenthal & Bros. colorably, and sued on them and secured judgment in the Boone circuit court in order to raise the amount so as to give the United States circuit court jurisdiction; and (b) the son also assailed the jurisdiction on the ground that the property claimed by him was worth only $400. *Held:* (1) That the judgment of the Boone circuit court was conclusive as to the judgment debtor; (2) that, in the absence of allegations of the want of jurisdiction in the Boone circuit court as to either the parties or subject-matter, and in the absence of any allegations of collusion or fraud in the procurement of the judgment between the judgment creditor and debtor, the judgment in the Boone circuit court is also conclusive upon the judgment debtor's co-defendants in a creditors' bill to vacate fraudulent conveyances; (3) that the amount claimed by the judgment creditor against the judgment debtor determines the jurisdiction of this court, and not the value of the property held by the latter's assignee; (4) that all the pleas were bad, and should be overruled; (5) that demurrers to pleas to the jurisdiction and motions to strike them from the files are irregular, and nothing is required except to set the pleas down for hearing, like a demurrer, unless the complainant desires to put the facts pleaded in issue, when a replication is required.

(Syllabus by the Court.)

Read & McDonough, for complainant.
Hill & Brizzolara, for defendants.

ROGERS, District Judge. The complainant, the Alkire Grocery Company, a mercantile corporation organized under the laws of the

state of Missouri, brought suit in the circuit court of Boone county, Ark., which county is a part of the Western district of Arkansas, against the defendant Jesse R. Richesin, and, on the 26th day of July, 1898, recovered a judgment against him for $3,264.66, and thereupon sued out a writ of execution on the judgment, and procured a nulla bona return; and afterwards, on the 27th of September, 1898, filed this creditors' bill against Jesse R. Richesin, Caledonia E. Richesin, and William C. Richesin. A certified copy of the judgment of the Boone circuit court is made an exhibit to the bill. The complainant alleges that no part of said judgment has been paid; that the defendants are all citizens of Boone county, in the Western district of Arkansas; that the debt upon which the judgment was rendered against Jesse R. Richesin was contracted during the year 1890; that soon after contracting said debt he converted all of his real and personal property, which constituted the basis of the credit for said indebtedness, into cash, except a small portion, which he assigned to a trustee for the benefit of a part of his creditors; that during the years 1893 and 1895 the defendant Jesse Richesin purchased certain lands described in the complaint, and paid for the same with his own means, and caused the same to be conveyed to his co-defendant and wife, Caledonia Richesin, for the purpose of cheating, hindering, and delaying his creditors, and that she well knew of his purpose in having the conveyance so made, and that she held the same in trust for his use and benefit; that during the year 1897, and at various other times since the plaintiff's debt was contracted, the defendant Jesse R. Richesin purchased cattle with his own means, which cattle are now in the joint possession of himself and his wife, Caledonia, and that she claims the same by reason of the fraudulent transfer of the same, and the fraudulent taking of the title thereto in her name by the said Jesse R. Richesin, which cattle are on the lands above referred to; that during the year 1897 he acquired title in the same way to 12 head of mules, and made the same disposition of them as of the cattle, and for the same purpose; that during the year 1897 he purchased a valuable stock of goods consisting of clothing, notions, hats, caps, boots, shoes, groceries, farming implements, and such other articles as are usually kept in a country store, and paid for the same out of his own means, and caused the same to be shipped in the name of his wife, Caledonia, who now claims to be the owner thereof; that she paid no part of the purchase money of any of the property above stated, and holds the same in order to defraud, cheat, hinder, and delay the creditors of her husband; that during the year 1898 the said Jesse Richesin purchased, with his own means, some 30 head of cattle, valued at $400, and caused the same to be assessed in the name of his son, William C. Richesin; that the latter paid no part of the purchase money of the cattle, and simply holds the same in his own name, and claims them at the instance and request of the said Jesse R. Richesin, who is the real owner thereof, for the purpose of cheating, hindering, and delaying the creditors of the said Jesse R. Richesin; and that said mules and cattle are also on the lands

above stated, in Boone county, Ark., and all said real and personal property is within the jurisdiction of this court. Subpœna was issued and served on each of the defendants. It is recited in the certified copy of the judgment of the Boone circuit court, which is made an exhibit to the bill, that summons was legally issued in that case, and regularly served, in ample time, before the term of the court at which the judgment was rendered against the defendant Jesse R. Richesin; that the Alkire Grocery Company's claim was based upon a judgment which the Alkire Grocery Company had previously recovered in the Boone circuit court for $1,161, interest, and costs, and also upon another judgment previously recovered in the same court in favor of Simmons Hardware Company for $705.69 and interest and costs, and also another judgment recovered in the same court in favor of A. Frankenthal & Bros. for the sum of $414.25, with interest and costs; that the two last-named judgments—the one in favor of Simmons Hardware Company, and the other in favor of A. Frankenthal & Bros.—had been assigned for value to the plaintiff, the Alkire Grocery Company. before the institution of the suit in the Boone circuit court, and that the Alkire Grocery Company was the owner and holder of each of said judgments, and that the aggregate of the three said judgments, together with interest and costs, amounts to the said sum of $3,264.66, for which the judgment was rendered in favor of the Alkire Grocery Company against the defendant Jesse R. Richesin, which judgment is the basis of this creditors' bill. Each of the defendants, first having obtained leave to do so, filed a special plea to the jurisdiction of the court. Jesse R. Richesin states in his plea that on the 30th of June, 1898, when the judgment was rendered for the $3,264.75, he was not indebted to the Alkire Grocery Company in that sum, and alleges, in substance, that the Simmons Hardware Company and A. Frankenthal & Bros. had simply transferred their several judgments to the Alkire Grocery Company for the purpose of enabling that company to acquire a judgment sufficiently large to give this court jurisdiction thereof, so that said complainant might file a creditors' bill in the United States court. and that his indebtedness to Alkire Grocery Company is less than $2,000; that the assignment of the judgments of Simmons Hardware Company and A. Frankenthal & Bros. to the Alkire Grocery Company was simply colorable, and that the Alkire Grocery Company does not own the judgments of the Simmons Hardware Company and A. Frankenthal & Bros., but the same are owned and controlled by the original plaintiffs, and not by this complainant, and that this complainant has them in its name simply for the purposes of this suit; and that A. Frankenthal & Bros. and Simmons Hardware Company are jointly interested with Alkire Grocery Company in the prosecution of this suit for the purpose of setting aside the alleged fraudulent conveyance, and have thus combined their judgments in order to fraudulently confer jurisdiction upon this court, instead of bringing their actions in the state court. The defendant Caledonia Richesin adopts the plea of the said Jesse R. Richesin to the extent that the same is applicable to her, and

91 F.—6

sets up the following additional facts: That the judgment of the Boone circuit court for $3,264.75 is not conclusive upon her, because she was not a party to that suit, and that the same was fraudulently obtained by the Alkire Grocery Company and by A. Frankenthal & Bros. and Simmons Hardware Company for the purpose of conferring jurisdiction upon this court in order that this suit might be brought; that the real amount in controversy between her and the complainant is less than $2,000, which, she is advised, is the sum in which Jesse R. Richesin is indebted to the complainant. She affirms that he is indebted to A. Frankenthal & Bros. in the sum of $681.37, and the Simmons Hardware Company in the sum of $1,008.17, and that A. Frankenthal & Bros. and Simmons Hardware Company have not assigned to the Alkire Grocery Company their said indebtedness, as evidenced by the judgments in the Boone circuit court, and that they are the real parties in interest in this suit to the extent of the amount of their judgments. William C. Richesin files a similar plea to that of his two co-defendants, and further alleges that the complainant alleges and shows no other property to be in his hands except 30 head of cattle, of the value of $400, and that, therefore, the court has no jurisdiction of the subject-matter; and he further alleges that the controversy between the complainant and the defendant Jesse R. Richesin and his wife, Caledonia, are matters with which he is not concerned, and that the controversy between him and the complainant in reference to the 30 head of cattle is entirely separate from the controversy between the complainant and his co-defendants, and he is in no wise connected with any of the other matters and things set forth in the complaint. The complainant filed a demurrer to each of the pleas, and subsequently filed a motion to strike them from the files, and the pleas were set down for hearing.

The court is of opinion that the practice does not warrant the filing either of a demurrer to the pleas or a motion to strike them from the files. It was sufficient to set them down for hearing, and the court will so treat them. Fost. Fed. Prac. § 140. The judgment in the Boone circuit court against Jesse R. Richesin was by default. It recites legal service upon Jesse R., and there is no contention that the Boone circuit court did not have jurisdiction of the subject-matter. Indeed, the Boone circuit court had jurisdiction, as to amount, of either or all of the judgments upon which that suit was brought. The assignment of the judgments of Simmons Hardware Company and of A. Frankenthal & Bros. could not, therefore, constitute a fraud on the jurisdiction of that court as to the subject-matter, even if the assignments were without consideration, and Simmons Hardware Company and A. Frankenthal & Bros. then owned the judgments so assigned, for the reason that the court had jurisdiction of the judgment of Alkire Grocery Company independent of the others. Jurisdiction is the power to hear and determine. The Boone circuit court had the power to hear and determine who owned the judgments in favor of Simmons Hardware Company and A. Frankenthal & Bros. in that suit, as well as all other questions involved. As a matter of fact, it did so decide, and the judgment so recites, that the Alkire Grocery Company was the

owner and holder of each of said judgments, and that said judgments had been assigned for value to said Alkire Grocery Company. The defendant Jesse R. Richesin is bound by that judgment, and is estopped to assail its validity, or the amount thereof, in this court. Ledoux v. Bank (Sup.) 48 N. Y. Supp. 771; Carpenter v. Osborne (N. Y. App.) 7 N. E. 823; Burgess v. Simonson, 45 N. Y. 228. In Christmas v. Russell, 5 Wall. 301, the court say:

"Article 4 of section 1 of the constitution provides that 'full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state; and the congress may, by general laws, prescribe the manner in which such records shall be proved, and the effect thereof.' Congress has exercised that power, and, in effect, provided that the judicial records in one state shall be proved in the tribunals of another, by the attestation of the clerk, under the seal of the court, with the certificate of the judge that the attestation is in due form; that such records so authenticated 'shall have such faith and credit given to them in every other court in the United States as they have by law or usage in the courts of the state from whence the said records were or shall be taken.' When the question of the construction of that act of congress was first presented to this court, it was argued that the act provided only for the admission of such records as evidence; that it did not declare their effect. But the court refused to adopt the proposition, and held, as the act expressly declares, that the record, when duly authenticated, shall have in every other court of the United States the same faith and credit as it has in the state court from whence it was taken. Mills v. Duryee, 7 Cranch, 483. Repeated decisions made since that time have affirmed the same rule, which is applicable in all similar cases where it appears that the court had jurisdiction of the cause, and that the defendant was duly served with process, or appeared and made defense. Hampton v. McConnell, 3 Wheat. 234; Nations v. Johnson, 24 How. 203; D'Arcy v. Ketchum, 11 How. 165; Webster v. Reid, Id. 460. Where the jurisdiction has attached, the judgment is conclusive for all purposes, and is not open to any inquiry upon the merits. Bissell v. Briggs, 9 Mass. 462; Bank of U. S. v. Merchants' Bank of Baltimore, 7 Gill, 430. Speaking of the beforementioned act of congress, Judge Story says it has been settled, upon solemn argument, that that enactment does declare the effect of the records as evidence when duly authenticated. * * * 'If a judgment is conclusive in the state where it was pronounced, it is equally conclusive everywhere' in the courts of the United States. 2 Story, Const. (3d Ed.) § 1313."

Are the judgment debtor's co-defendants, Caledonia and William C. Richesin, estopped, so far as this creditors' bill is concerned, by that judgment? It will be borne in mind that the pleas of Caledonia and William C. Richesin do not question the jurisdiction of the Boone circuit court, either as to the person of Jesse R. Richesin or the subject-matter of the suit. They assail the jurisdiction of this court as to the amount on the ground that the judgments of Simmons Hardware Company and A. Frankenthal & Bros. (when the judgment of the Boone circuit court was rendered and upon which that judgment rests in part) were not the property of Alkire Grocery Company, but were still owned by Simmons Hardware Company and A. Frankenthal & Bros. But we have seen that the judgment debtor is estopped to litigate that question here. He had his day in court in the Boone circuit court when the judgment was rendered. He did not raise that question then, and cannot be heard to do it now. If he cannot assail that judgment, then the amount is sufficient to give this court jurisdiction, for it is the amount of the debt claimed by the plaintiff which determines the jurisdiction of this court.

In the pleas of the said Caledonia and William C. Richesin it is alleged that the judgment of the Boone circuit court was fraudulently obtained by the plaintiff and the Simmons Hardware Company and A. Frankenthal & Bros. for the purpose of conferring jurisdiction on·this court. But it was no fraud on either of the defendants, or either that or this court, for Simmons Hardware Company and A. Frankenthal & Bros. to assign their judgments to Alkire Grocery Company for the express purpose of conferring jurisdiction on this court, and no other facts are set forth from which fraud can be inferred. First Nat. Bank of Buchanan Co. v. Duell Co., 74 Fed. 373; Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759; Marion v. Ellis, 10 Fed. 410; Collinson v. Jackson, 14 Fed. 309. These cases show that when Alkire Grocery Company bought the judgments of Simmons Hardware Company and A. Frankenthal & Bros. it might have sued on them in this court. If so, it was certainly no fraud to sue on them in the Boone circuit court. In either court, when sued upon, had the assignments been shown to be colorable, and not bona fide, no recovery could have been had. As to whether they did assign them in good faith, for value, .as we have seen, is settled by the judgment of the Boone circuit court as against the judgment debtor. No other person can raise that question except the judgment debtor, unless collusion or fraud between him and the judgment creditor in obtaining the judgment was alleged. But there are no such allegations in the pleas. McAlpine v. Sweetzer, 76 Ind. 78, and cases cited supra. There being no collusion, and no facts constituting collusion, alleged between the plaintiff and defendant in procuring the judgment in the Boone circuit court, and the jurisdiction of that court not being assailed, I am of opinion that all the defendants are concluded by the judgment in the Boone circuit court, so far as the jurisdiction of this court is concerned. Ledoux v. Bank (Sup.) 48 N. Y. Supp. 773; Carpenter v. Osborne (N. Y. App.) 7 N. E. 823; Candee v. Lord, 2 N. Y. 269; Burgess v. Simonson, 45 N. Y. 228; Decker v. Decker (N. Y. App.) 15 N. E. 307; Strong v. Lawrence (Iowa) 12 N. W. 74; Swihart v. Shaum, 24 Ohio St. 432; Scott v. Wagon Works, 48 Ind. 75; Ferguson v. Kumler, 11 Minn. 104 (Gil. 62); Mattingly v. Nye, 8 Wall. 373; Christmas v. Russell, 5 Wall. 290; Maxwell v. Stewart, 22 Wall. 77; Iron Co. v. Eells, 15 C. C. A. 189, 68 Fed. 35. The authorities on this point, I think, are practically uniform now, and might be multiplied many times over.

Admitting that the court has jurisdiction of the case and of Jesse R. and Caledonia Richesin (the property held by said Caledonia being of greater value than $2,000), the said William C. Richesin assails the jurisdiction because, he says, the property he holds is worth only $400, as shown by the bill. I do not think the value of the property in his hands determines the jurisdiction. It is the amount claimed by the judgment creditor against the judgment debtor, to whom he is privy (and, if the allegations of the bill be true, for whom he holds the property in trust), that determines the jurisdiction. Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196; Handley v. Stutz, 137 U. S. 366, 11 Sup. Ct. 117; Werner v. Murphy, 60 Fed. 769; Stillwell-Bierce & Smith-Vaile Co. v. Williamston Oil & Fertilizer Co., 80 Fed. 68; Smithson v. Hubbell, 81 Fed. 593; Bank v. Hoof, 7 Pet. 168; Deposit Co. v. Hunting·

ton, 117 U. S. 281, 6 Sup. Ct. 733; Hamlin v. Wright, 23 Wis. 491; Chatfield v. Boyle, 105 U. S. 231. All of the pleas are bad, and are overruled.