CENTRAL NAT. BANK OF CAMBRIDGE, OHIO, v. FITZGERALD et al.

(Circuit Court, D. Nebraska. May 15, 1899.)

1. EQUITY — LACHES — FAILURE OF CREDITORS TO CONTEST ALLOWANCES BY PROBATE COURT.

A court of equity will not grant relief to creditors of an estate against alleged extravagant allowances by a probate court to the family of the decedent or the attorneys for the estate, where it is not shown that the probate court was fraudulently imposed upon, or that the complainants were prevented by fraud from contesting the allowances in such court.

2. SAME—JURISDICTION—UNSETTLED ESTATE.

A court of equity is not precluded from entertaining a suit by creditors of an estate to set aside a payment by the administratrix to one creditor to the exclusion of the others, alleged to have been made through a fraudulent agreement between the favored creditor and the administratrix, because the estate is still unsettled, the pendency of the administration in the probate court being a matter for consideration only in relation to the disposition to be made of the fund in case of recovery.

3. JURISDICTION OF FEDERAL COURTS—PENDENCY OF ADMINISTRATION IN PROBATE COURT.

The fact that a transfer of property by an administratrix was made with the sanction of a state probate court, and that the estate is unsettled, and the administration still pending in such court, does not deprive a federal court of equity of jurisdiction of a suit to set aside such transfer on the ground of fraud, where the complainant is a citizen of another state, and the requisite amount is involved.[1]

4. EQUITY—SUIT AGAINST ADMINISTRATRIX.

A bill by creditors of an estate against the administratrix and her attorney, alleging that the administratrix is the real owner of a claim against the estate, which has been in form transferred to her co-defendant, and that they have combined to subject property of the estate situated in another state to the payment of the claim to the exclusion of the other creditors, states a cause of action for equitable relief, as the administratrix, if in fact the owner of the claim, cannot properly represent the estate in proceedings relating to such claim.

5. SAME—MULTIFARIOUSNESS OF BILL.

A bill by creditors of an estate against the administratrix and two other defendants to set aside a transfer of property of the estate by the administratrix to one of her co-defendants as fraudulent, and which also seeks relief as to a separate transaction between the administratrix and the other co-defendant, in which the transferee of the property has no interest, is multifarious.

On Demurrer to Bill.

Burr & Burr, for complainant.

Harwood & Ames and James Manahan, for defendants.

SHIRAS, District Judge.    The bill in this case was filed by the Central National Bank of Cambridge, Ohio, on its own behalf and on behalf of such other creditors of John Fitzgerald, now deceased, who may desire to participate in the benefits of the litigation, it being averred in the bill that the complainant is a creditor of the estate of John Fitzgerald; that Fitzgerald died in the city of Lincoln, Neb., on the 30th day of December, 1894, intestate; that early in 1895 letters of administration were duly issued by the county court of

---

[1] For jurisdiction of federal courts in probate matters, see note to Barling v. Bank, 1 C. C. A. 514.

Lancaster county, Neb., to Mary Fitzgerald, widow of the decedent, and that she is now acting as the administratrix of the estate of her late husband; that complainant, being a creditor of said John Fitzgerald, duly filed in the county court of Lancaster county its claim against the said estate, and the same was allowed in due form, and judgment thereon in favor of complainant and against Mary Fitzgerald, administratrix, was entered in the sum of $5,103.33, and that the claim thus allowed remains wholly unpaid. The bill then proceeds to charge that the administratrix, in violation of her duty, has in several ways combined with the other defendants to defraud the creditors of the estate of John Fitzgerald, including complainant; that part of the assets of the estate consisted of a judgment in favor of John Fitzgerald against the Fitzgerald-Mallory Construction Company, amounting in all, including interest, to the sum of $72,000; that by an arrangement and combination between the First National Bank of Lincoln, one of the defendants herein, and the administratrix, Mary Fitzgerald, the money realized on this judgment, being some $72,000, was paid over to the First National Bank in payment of the claim held by the bank against the estate of John Fitzgerald, thereby giving the bank an unlawful preference over complainant and the other creditors of John Fitzgerald. It is also charged in the bill that during the lifetime of John Fitzgerald, he was appointed administrator of the estate of Edward L. Cagney, deceased, and in that capacity received some $20,000, for which he had not accounted at the time of his death; that Mary Fitzgerald claimed to be entitled to this sum under a will executed by Cagney, which will was probated in the county court of Lancaster county, and thereupon she presented her claim against the estate of John Fitzgerald in said county court, and obtained an order declaring that John Fitzgerald held this sum in trust, and that her estate must account for the same as trust funds. It is further averred that Mary Fitzgerald thereupon assigned and transferred in form this claim thus allowed to her attorney, James Manahan, and that Manahan and Mrs. Fitzgerald have instituted proceedings in Cook county, Ill., to subject certain realty belonging to the estate of John Fitzgerald, and situated in Illinois, to the payment of this claim, intending thereby to secure the payment of the claim in full, and also to deprive the creditors of the Fitzgerald estate of any benefit from this property situated in Illinois. It is also charged in the bill that the estate of Fitzgerald is insolvent; that it has been largely absorbed by improvident allowances to the family; and that the complainant and the other creditors, unless aid is given them to reach the funds and property already described, will receive nothing upon their just claims. To this bill the defendants, including Mary Fitzgerald, the First National Bank of Lincoln, and James Manahan, interpose a demurrer on the grounds that this court is without jurisdiction in the premises, in that it appears that the estate of John Fitzgerald is yet in process of administration in the county court of Lancaster county, and that the complainant should apply to that court for relief against any wrongful acts of the administratrix; that the bill does not disclose a case for equitable relief; and that it is multifarious, in that it embraces distinct causes of action.

Upon the ground that this court·is without jurisdiction for the reason that the administration of the estate of John Fitzgerald has not yet been closed, but is still in progress in the proper probate court, to wit, the county court of Lancaster county, I agree with the views advanced by counsel for defendants with regard to many of the general allegations of the bill, which charge that improvident allowances are being made to the widow and family of the deceased, and to the attorneys acting for the estate. It is open to complainant and the other creditors to contest these allowances in the probate. court, and, if aggrieved by its judgment, a remedy is open by appeal to the supreme court of Nebraska. With respect to allowances of this character, in the absence of proof showing that the probate court was fraudulently imposed upon, or the creditors were fraudulently prevented from contesting the same in the probate court, a court of equity will not attempt to re-examine the allowances made by the probate court. Smith v. Worthington, 4 C. C. A. 130, 53 Fed. 977, and 10 U. S. App. 616. A court of equity, however, refuses to entertain a bill to relitigate such allowances, not upon the strict ground that it cannot take jurisdiction, because the matter of the estate is still pending in the probate court, but because the matter of these allowances was within the jurisdiction of that court, and it was open to the creditors to have made a contest in that court; and, if they neglect so to do, a court of equity, which aids the diligent, but not the negligent, for that reason refuses to act on behalf of the creditors. The bill demurred to is not, however, confined to this matter of allowances, but it expressly charges that by combined action between the administratrix and the First National Bank of Lincoln the latter, as a creditor of the estate, has received the sum of $72,000, whereas the other creditors have received no dividend, and will not be paid any unless this and other transactions complained of are set aside. This money is not now in the possession of the probate court, and it is plain that the complainant and the other creditors can litigate with the First National Bank its right to retain this money, without in any just sense interfering with the possession of the probate court. The objection urged in support of the demurrer that this court cannot undertake the distribution of the estate of John Fitzgerald because that is a duty imposed upon the county court of Lancaster county is not a reason why the court should not take jurisdiction, but is only a matter for consideration in determining the disposition of any money or property recovered in the further progress of the case. The main purport of the bill is to have it declared that the money paid to the First National Bank is in fact part of the estate of John Fitzgerald. If, upon the final hearing upon the merits, it is held that this money really forms part of the estate, and that the bank is holding it in trust for the estate, it will be ordered paid into court, and the disposition to be then made of it will depend upon the then existing circumstances. If by that time the estate in the probate court has been closed up, and the administratrix discharged, it would clearly be the duty of this court to make due distribution of the fund. If the estate has not been closed up, it might be proper to order the fund to be paid into the probate court, in order that it might complete the distribution

of the estate. That a federal court may entertain jurisdiction of a suit in equity between citizens of different states, and involving an amount in excess of $2,000, wherein it is charged that the defendants, through fraudulent practices, have obtained property which rightfully belongs to the creditors of the estate, even though the transfer of the property to the defendants has been sanctioned by the probate court, is settled by the decisions of the supreme court in Jackson v. Ludeling, 21 Wall. 616, Barrow v. Hunton, 99 U. S. 80, and Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619, and therefore the demurrer cannot be sustained on the ground of want of jurisdiction, nor upon the ground that the bill fails to state a cause of action relievable in equity, according to the allegations of the bill. The First National Bank of Lincoln, being a creditor of John Fitzgerald, through a combination with the administratrix has received the sum of $72,000 from the assets of the estate, and has applied the same to the payment of its claim against the estate to the exclusion of the other creditors. The bill seeks to set aside this transaction, and to have it declared that the bank holds the money in trust for the creditors on the ground of a fraudulent combination between the administratrix and the bank; and thus, upon the face of the bill, is presented a case of equitable cognizance of which this court can take jurisdiction. Whether the proofs, when adduced, will justify a decree for complainant, is to be determined hereafter; but upon the face of the bill sufficient is shown to put the parties to the proof. So with respect to the claim originally belonging to Mary Fitzgerald as legatee under the will of Edward P. Cagney. It may well be that the money which John Fitzgerald received in his capacity as administrator of Cagney's estate is to be deemed to be a trust fund in his hands, and that the right exists to follow this fund into any property, or its proceeds, in hands of the administratrix of John Fitzgerald's estate, into which it was converted in any form; but according to the allegations of the bill Mary Fitzgerald is the real owner of this claim, the same having been in form transferred to her attorney; and it is charged that these parties have combined to collect this claim out of the property of the Fitzgerald estate situated in Cook county, Ill., to the exclusion of the creditors of the estate. According to the allegations of the bill, the proceedings in Illinois are in fact controlled by the one party, Mary Fitzgerald, who occupies the position of claimant and administratrix, and it is averred that the purpose of these proceedings is to obtain a sale of the Illinois property, and the application of the proceeds to the payment of the claim held by Mary Fitzgerald, and by her assigned to her attorney, James Manahan. If these allegations are true, they make a case for equitable interference, for certainly the creditors have rights in the property belonging to the estate and situated in Illinois; and the question whether the claim of Mary Fitzgerald as legatee of Edward P. Cagney can be enforced against this property to the exclusion of the creditors of the Fitzgerald estate ought not to be determined and be concluded in a proceeding in which the creditors are represented only by Mary Fitzgerald, or her agents and attorneys, she being the party who is interested adversely to the creditors.

The remaining objection relied on in support of the demurrer is that

the bill is multifarious, in that it embraces the controversy between the creditors and the First National Bank with respect to the $72,000, in which matter Manahan has no interest, and also the controversy between the creditors and Manahan and Mary Fitzgerald over their rights and equities in the realty situated in Cook county, Ill., in which matter the bank has no interest. It is clear that these transactions have no connection with each other, and it must be held that they are improperly joined in the one suit. Gaines v. Chew, 2 How. 619. Leave is therefore granted to complainant to strike from the bill one or the other of these causes of action, retaining the bill as to the cause and parties thereto not thus stricken from the bill, the answer thereto to be filed within 30 days after the bill is amended by striking therefrom one of the causes now contained therein.