SMITH v. LLOYD et al.

SULLIVAN v. SAME.

(District Court, D. Massachusetts. October 4, 1913.)

Nos. 473, 475.

COURTS (§ 335*)—JURISDICTION OF FEDERAL COURT—EQUITY CASES—EFFECT OF STATE STATUTES.

Rev. Laws Mass. c. 159, § 3, cls. 7, 8, which provide that certain state courts shall have jurisdiction in equity of suits by creditors to reach and apply in payment of a debt any property or interest of a debtor which cannot be reached by attachment or execution in an action at law, is a statute enlarging the equitable jurisdiction of the state courts, rather than one enlarging equitable rights, and does not apply to a federal court which is without jurisdiction to entertain on removal such a suit by simple contract creditors.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 905; Dec. Dig. § 335.*]

In Equity. Suits by Daniel L. Smith against J. B. Lloyd and others, and by Mary I. Sullivan against the same. On motion to remand to state court. Motions granted.

Daniel B. Ruggles, of Boston, Mass., for complainant in No. 473.
Brandeis, Dunbar & Nutter and Fay B. Kendall, all of Boston, Mass., for defendants in No. 473.
Hudson & Nichols, of Boston, Mass., for complainant in No. 475.
Brandeis, Dunbar & Nutter, of Boston, Mass., for defendants in No. 475.

DODGE, Circuit Judge. Both these suits were brought in the Massachusetts superior court for Suffolk county. Both are bills to reach and apply property alleged to be in the hands of certain of the defendants in trust for the benefit of the defendant Lloyd and which can-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not be attached in a suit at law, in payment of alleged claims by the plaintiffs against Lloyd. Neither plaintiff has recovered any judgment upon his claims. Rev. Laws Mass. c. 159, § 3, cls. 7 and 8, authorize or permit such suits in equity in the Massachusetts courts; but they are not within the equity jurisdiction of the federal courts independently of the Massachusetts statute cited.

The plaintiffs are Massachusetts citizens, and so are all the defendants except Lloyd. Lloyd is described in the bills and the subpoenas thereon issued as also a citizen of Massachusetts. The cases are here upon petitions by him to remove them, wherein he denies that he is a citizen of Massachusetts and alleges that he is a citizen of Illinois. The plaintiffs who move to remand the cases take issue with him upon these allegations. The defendants have also filed motions in this court to dismiss the suits for want of jurisdiction. Assuming Lloyd to be a citizen of Illinois, and not of Massachusetts, although the issue made upon this point has not been determined, the question arises whether or not this court has such jurisdiction as enables it to retain the cases.

The same question, in substance, was before this court in 1906. Mathews Slate Co. v. Mathews et al., 148 Fed. 490. Judge Lowell there held the Massachusetts statute above cited to be a statute enlarging the equitable jurisdiction of the Massachusetts courts rather than one enlarging equitable rights. It followed that this court was without jurisdiction to hear and determine such a case as described in the statute and must remand it to the state court, which had jurisdiction. In the reasoning of the court I concur, and it seems to me applicable to the present question in every essential respect. The defendants say that a different result is now required in view of the recent decision by the Massachusetts Supreme Court in Stockbridge v. Mixer, 102 N. E. 646, June 18, 1913. The law of Massachusetts is settled by that decision to be that in all suits in equity under the above statute the defendant has a right to trial by jury. If one possible objection to the jurisdiction here is thus overcome (see Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804), the principal objection remains, i. e., that a state statute cannot enlarge the federal equity jurisdiction unless it has enlarged equitable rights. It clearly appears from Judge Lowell's opinion that his decision was made upon the assumption that by the law of Massachusetts the defendant's right to jury trial in such cases would be secured.

The defendants' motion in each case to dismiss cannot be granted unless the cases have been properly removed here. The motions to remand are allowed.