MILLER et al. v. FIRST SERVICE CORPORATION.*

No. 10574.

Circuit Court of Appeals, Eighth Circuit.

Aug. 5, 1936.

*Rehearing denied Aug. 31, 1936.

E. R. Sinkler, of Minot, N. D. (G. O. Brekke, of Minot, N. D., on the brief), for appellants.

J. F. X. Conmy, of Fargo, N. D. (E. T. Conmy, of Fargo, N. D., on the brief), for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This is a suit in the nature of a creditor's bill to subject a certain 80-acre tract of land in Wells county, N. D., to the lien of a judgment owned by the plaintiff, on the ground that the judgment debtor, Math Miller, had, while insolvent, transferred the land to his son Bertrand to defraud creditors. The federal jurisdiction was rested upon alleged diversity of citizenship, and there was a general allegation in the petition that the amount in controversy exceeded $3,000, exclusive of interest and costs, and in the answer there was a general denial responsive to the allegation.

There was no dispute or controversy concerning the validity of the plaintiff's judgment or that execution thereon had been returned unsatisfied, but the defendants claimed that the father, although insolvent, had transferred the 80 acres to his son in payment of wages earned and due under a contract, and with the intent to prefer the son over his other creditors, but not to defraud. The trial court found that the transfer was in fraud of creditors, including the plaintiff, and decreed that the 80 acres be sold and the proceeds applied on the plaintiff's judgment. This appeal has been taken to reverse the decree.

We observe on inspection of the record that it was proven on the trial by undisputed testimony elicited from the witness called by plaintiff that the value of the 80 acres of land which it was the object of the plaintiff's suit to subject to lien and sale was only $12 per acre, or $960. Although the plaintiff recovered all that it sued for, the value or amount of its recovery does not exceed $960. Although the defendant lost the land he claimed to be the owner of, the value of $960 was the extent of what he lost. The rule has long been settled that: "It is the amount or value of that which the complainant claims to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction of the Circuit Courts of the United States." Cowell v. City Water Supply Co. (C.C.A.) 121 F. 53, 57. The record, therefore, affirmatively discloses that the suit did not really and substantially involve a dispute or controversy where the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000, and the District Court was without jurisdiction.

It appears from the record that the attention of the District Court was not directed to the question of its jurisdiction. The defendants evidenced their consent to the exercise of the jurisdiction by requesting a general finding of diversity of citizenship and requisite amount involved, and such a finding was made. But at the same time, the defendants requested a finding that the value of the land was less than $3,000. No error has been assigned upon the exercise of the jurisdiction, and the appeal presents occasion to apply the principles concerning the maintenance of the limitations of the federal jurisdiction announced by the Supreme Court May 18, 1936, in the case of Paul V. McNutt, etc., et al. v. General Motors Acceptance Corp., 56 S.Ct. 780, 782, 80 L.Ed. ——.

The Supreme Court there considered and commented upon the decision rendered by this court in 1909 in the case of Hill v. Walker, 167 F. 241, which has been consistently followed in this and other circuits; Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp. (C.C.A.) 41 F.(2d) 767; United States v. Kiles (C.C.A.) 70 F.(2d) 880; Vincent v. United States, 64 App.D.C.

682

178, 76 F.(2d) 428, 429; United States v. Wilson (C.C.A.) 78 F.(2d) 465, 466; United States v. Ellison (C.C.A.) 74 F.(2d) 864. It might have been contended under the authority of those precedents that we need not notice the manifest lack of jurisdiction of the trial court to entertain this plaintiff's suit or to award to the plaintiff recovery of the $960 piece of land, or the proceeds of a sale thereof. But the decision in the McNutt Case, supra, makes it very plain that in such a case as is here presented we should take notice of the affirmative undisputed proof in the record that the amount in controversy was insufficient to confer jurisdiction upon the District Court.

The McNutt Case was a suit for injunction, and it was duly alleged in the bill that the matter in controversy exceeded the sum or value of $3,000, but the plaintiff failed to prove the allegations upon which the conclusion as to the amount in controversy was based. The Supreme Court said:

"The jurisdiction of the District Court in a civil suit of this nature is definitely limited by statute to one—'where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects.' Jud.Code, § 24 (1), 28 U.S.C. § 41 (1), 28 U.S.C.A. § 41 (1).

"Further, the Act of March 3, 1875, c. 137, § 5 (18 Stat. 472) as now applied to the District Courts (Jud.Code, § 37, 28 U. S.C. § 80, 28 U.S.C.A. § 80), explicitly charges those courts with the duty of enforcing these jurisdictional limitations. The provision in its present form is as follows:

"'If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just.'

"It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case. * * *

"The act of 1875 prescribes a uniform rule and there should be a consistent practice in dealing with jurisdictional questions. We think that the terms and implications of the act leave no sufficient ground for varying rules as to the burden of proof. The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations. In the nature of things, the authorized inquiry is primarily directed to the one who claims that the power of the court should be exerted in his behalf. As he is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court. The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. We think that only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes

them with adequate authority and imposes upon them a correlative duty."

We deem it to be fully established that it is the duty of the District Courts to assure themselves of the federal jurisdiction in every case before them, and consent given by a defendant to the exercise of jurisdiction upon subject-matter not within the jurisdiction is of no avail. United States v. J. M. Corrick et al., 56 S. Ct. 829, 80 L.Ed. ——, decided May 18, 1936. Cutler v. Rae, 7 How. 729, 8 How. 615 Append., 12 L.Ed. 890, 1221; Pianta v. H. M. Reich Co. (C.C.A.) 77 F.(2d) 888; Barnett v. Mayes (C.C.A.) 43 F.(2d) 521; Note 6, 28 U.S.C.A. § 41 (1). This duty can and should be enforced by this court as to all cases coming before it from the District Courts. In the performance of our duty of enforcement we must decide if jurisdiction is an active issue, but we may act upon our own motion. In so acting upon our own motion, we must necessarily be governed by the situation and the record before us. An essential of such situation, because affecting the record brought to us, is the fact that jurisdiction was not an issue in the District Court and was not made an issue in this court through assignment of error. In this situation we should accept a clear, unchallenged finding of jurisdiction by the District Court unless we are satisfied that the record before us affirmatively shows lack of jurisdiction or arouses grave doubt of jurisdiction. If merely a grave doubt of jurisdiction arises, we may remand to the District Court for hearing and determination upon the question of jurisdiction. As the record before us affirmatively shows lack of jurisdiction, it is our duty to take notice on our own motion and by ordering dismissal relegate the parties to litigation of their controversy in the state court.

It appears to have been the thought of some text-writers (Hughes, Federal Practice, § 455, vol. 1, p. 341; Simkins, Federal Practice, p. 439) that a creditor's bill could be maintained in the federal court regardless of the value of the property sought to be recovered or subjected to the judgment lien. No cases directly so holding are cited, but Alkire Grocery Co. v. Richesin (C. C.) 91 F. 79, and Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871, have been relied on to that effect. It is clear that if the suit is in ejectment to recover the whole title and possession of lands, the value of the lands determines the amount for jurisdiction. Hugh Ross et al. v. William Prentiss. 3 How. 771, 11 L.Ed. 824; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083. But it seems to have been thought that if the action is, in form, a creditor's bill, then the amount of the plaintiff's judgment can be taken as the criterion, so that such suits can be brought in the federal courts to recover petty sums or property of trivial value.

The case of Alkire Grocery Co. v. Richesin, supra, relied on to support such position, was a suit in the nature of a creditor's bill against one Jessie R. Richesin, his wife and son, and was heard by the District Judge upon pleas to the jurisdiction based on the pleadings. It appeared from the pleadings that the judgment debtor had fraudulently disposed of his property for cash to cheat his creditors and had invested the proceeds of the fraudulent sale in other property conveyed to his wife and son, who held it in trust for the debtor. The plaintiff's claim exceeded the jurisdictional amount and so did the fund which the debtor obtained from the fraudulent sale of his property and the properties in which he had caused the fund to be invested. It was held that the mere fact that the amount of property ($400 worth of cattle) traced into the hands of the son and held by the son in trust for the father did not exceed $2,000 did not require a dismissal of the son from the suit. The validity of the plaintiff's whole claim was put in issue by all the defendants, and both the wife and son were in privity with the defendant debtor and holding the property in trust for him, according to the allegations of the bill. There was no holding that the suit could have been maintained against the son alone merely to recover the $400 worth of cattle from him.

In the case of Lion Bonding & Surety Co. v. Karatz, supra, the plaintiff was a simple contract creditor of the Lion Bonding Company and attempted to maintain an action in the federal court on his claim. The Supreme Court held that the amount of the interest which he had in controversy or in dispute with the Lion Bonding Company was insufficient to give jurisdiction to the federal court.

The plaintiff's original judgment in this case was obtained in the state court and amounts to $11,406.61, but the decision in the McNutt Case excludes any theory that the form of the action rather than the real

684

and substantial dispute or controversy involved could determine the jurisdiction. The language is: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that * * * the party asserting jurisdiction may be relieved of his burden by any formal procedure." So that even if it had in fact become established practice for the federal courts to entertain creditors' bills to recover or subject to lien petty sums of money or trifling items of property, no such practice could survive McNutt v. General Motors Acceptance Corp., supra. It is the manifest purpose of the opinion in that case to prevent any expansion or extension of the federal jurisdiction beyond those suits where "the matter in controversy" is of sufficient value and which "really and substantially involve a dispute or controversy properly within the jurisdiction."

The following cases lend support to our conclusion that the amount involved in this case was insufficient to support the jurisdiction: Enger v. Northern Finance Corp. (D.C.) 31 F.(2d) 136; Elliott v. Empire Natural Gas Co. (C.C.A.) 4 F.(2d) 493; Simon et al. v. House et al. (C.C.) 46 F. 317; Smith v. Adams, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895.

The case is reversed, with directions to dismiss for want of jurisdiction.

