## AMERICAN UNITED LIFE INS. CO. OF INDIANAPOLIS, IND., v. FRANKLIN.
### No. 11065.

Circuit Court of Appeals, Eighth Circuit.
May 27, 1938.

C. E. Daggett, of Marianna, Ark. (J. B. Daggett, of Marianna, Ark., on the brief), for appellant.

W. G. Dinning, of Helena, Ark., for appellee.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is an action upon a life insurance policy for $5,000.00. From an adverse judgment for $4,066.86 on the policy (the face of the policy less a loan) and $488.02 for statutory damages and $300.00 for attorney fee (Crawford and Moses Digest of Arkansas, Section 6155), the insurance company appeals.

This action was filed in the State court and removed by the insurance company. The parties present the appeal on the merits of the controversy without any question of the jurisdiction of trial court as a federal court. This attitude of the parties does not affect the duty of this Court, of its own motion, to notice and determine federal jurisdiction. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 182, 184, 189, 56 S.Ct. 780, 782, 785, 80 L.Ed. 1135; Cameron v. Hodges, 127 U.S. 322, 325, 8 S.Ct. 1154, 32 L. Ed. 132; Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535, March 30, 1938; Miller v. First Service Corporation, 8 Cir., 84 F.2d 680, 683, 109 A.L.R. 1179; Wabash Ry. Co. v. Lindley, 8 Cir., 29 F.2d 829, 831. Section 80, Title 28 U.S.C.A., provides that "If in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

The action as filed was properly removable on the allegations of diversity of citizenship and jurisdictional amount (the face of the policy, $5,000.00 less a loan of $1,049.12 and plus statutory damages of 12½ per centum and attorney fees). But section 80 is designed to cover situations where the subsequent progress of the case shows a lack of federal jurisdiction. This lack appeared here in the answer and the evidence. Therein, the amount of the policy and of the loan were admitted. The defense was that the reinstatement of the policy was void and, therefore, the face of the policy was not due but that the indebtedness was "for only such amount of extended insurance" as was due under the non-forfeitable clauses of the policy. The evidence made definite the amount defendant deemed due. It showed, also, that this amount ($2,500.-00) had been tendered plaintiff before suit. The rate of penalty is fixed by the statute at 12½ per centum and is so pleaded in the petition. The ascertainment of such amount is a matter of calculating that percentage upon $3,950.88 (the face of the policy less the loan). The attorney fee is required by the statute to be "reasonable" and the court has here determined such fee at $300.00 without attack by either party as to amount. Thus as revealed by the pleadings and the evidence, the amount in dispute is the difference between (1) the face of the policy ($5,000.00) minus the loan ($1,049.12) plus 12½ per centum statutory penalty and plus a reasonable attorney fee and (2) the $2,500.00 conceded by defendant to be due.[1] This net difference of $2,244.74 represents the amount actually in controversy.

Since it is our duty, under the above section 80, to scan the entire record to be sure federal jurisdiction exists and since an investigation of this record convinces that such jurisdiction is lacking because the "dispute or controversy" here involves less than the requisite amount, we have no choice but to dispose of the case upon this ground. Some of the decisions involving situations somewhat similar in principle to the case here are Jenness v. Citizens' National Bank of Rome, 110 U. S. 52, 3 S.Ct. 425, 28 L.Ed. 67; Tinstman v. National Bank, 100 U.S. 6, 25 L.Ed. 530; Miller v. First Service Corporation, 8 Cir., 84 F.2d 680, 109 A.L.R. 1179. Also see Hilton v. Dickinson, 108 U.S. 165, 174–176, 2 S.Ct. 424, 27 L.Ed. 688; Lamar v. Micou, 104 U.S. 465, 26 L.Ed. 774; New Orleans Banking Ass'n v. Insurance Ass'n, 102 U.S. 121, 26 L.Ed. 45; Pierce v. Wade, 100 U.S. 444, 25 L.Ed. 735; Gray v. Blanchard, 97 U.S. 564, 24 L.Ed 1108; Ryan v. Bindley, 1 Wall. 66, 17 L.Ed. 559; and Municipality of Rio Piedras v. Serra, Garabis & Co., 1 Cir., 65 F.2d 691, 697.

Section 80 requires this Court to "dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just." Clearly, justice requires that this case be remanded to the State court. Since the entire costs in the federal courts—both below and here—have resulted in no determination except to remand the case to the State court; since such costs would not have been incurred except for the mistaken action of appellant in removing the case when it had full knowledge of the facts which have defeated federal jurisdiction; and since no action of appellee or other circumstance argues to the contrary, justice requires assessment against appellant of all costs which are now assessable in this Court or in the federal trial court and also such as are hereafter assessable in such courts in connection with the remand of this cause to the State court.

The case is remanded with instructions to set the judgment aside and to remand the case to the State court. All federal court costs to be assessed against appellant.

---

[1] The face of the policy less the loan is $3,950.88. The statutory penalty thereon is $493.86 (erroneously estimated at $488.02). A reasonable attorney fee found by the court was $300.00. Thus the recovery sought by plaintiff was $3,-950.88 plus $493.86 plus $300.00, a total of $4,744.74. This amount less $2,500.-00 (conceded due by defendant) leaves $2,244.74 representing the amount in dispute or controversy.