**REYNOLDS v. REYNOLDS et al.**

Civil Action No. 619.

District Court, W. D. Arkansas,
Fort Smith Division.

June 3, 1946.

H. L. Smith, of Tulsa, Okl., for plaintiff.

Milton W. Hardy, of Hardy & Hardy, all of Tulsa, Okl., for defendants.

JOHN E. MILLER, District Judge.

Issue is joined on defendants' motion to dismiss the amended complaint under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the court lacks jurisdiction of the case because the requisite jurisdictional amount is not involved. 28 U.S.C.A. § 41(1). The question was submitted to the court on oral argument and briefs of respective counsel.

The original complaint was filed by Vera H. Reynolds, a citizen of the State of Oklahoma, against W. D. Reynolds, plaintiff's former husband, Sybil C. Reynolds, wife of W. D. Reynolds, both citizens of Arkansas, and the Equitable Life Assurance Society of the United States, a corporation organized under the laws of the State of New York and licensed to transact business in the State of Arkansas. The gist of the action was a claim for damages alleged to arise from a conspiracy between the debtor and others fraudulently to dispose of the debtor's property in order to defeat the plaintiff's claim.

In 1932 plaintiff obtained a decree of divorce from W. D. Reynolds in Oklahoma, and an award of $100 per month to be paid for the support and maintenance of a minor child. W. D. Reynolds paid nothing in response to the judgment, and in 1941 plaintiff obtained another judgment on said obligation for the sum of $2,453.70 and costs, with interest thereon at 6 per cent per annum until paid. This judgment was appealed without supersedeas bond being required, and it was affirmed by the Supreme Court of Oklahoma. This second judgment is still unpaid, and, with interest, the judgment debtor now owes the sum of $3,131.31.

W. D. Reynolds was engaged in the business of selling insurance. Plaintiff alleges that in August, 1941, he conveyed to Sybil Reynolds the legal title to all compensation earned, or to be earned, and which was due, or might become due, from the defendant society. A copy of this agreement is alleged to have been delivered to the defendant Society which in turn executed written instruments stating that it would pay any compensation earned by W. D. Reynolds to Sybil. Plaintiff alleges that pursuant to said agreements, the defendant Society has paid Sybil Reynolds sums in excess of $30,000 since 1941, and that with such funds Sybil has acquired real and personal property which she claims to own.

On challenge by defendants, plaintiff conceded that the complaint did not state a claim on which relief could be granted, and requested permission of the court to file an amended complaint. This request was granted.

The amended complaint combines a claim on the Oklahoma judgment with a request for equitable relief. Plaintiff asks that this court set aside as fraudulent the assignment from W. D. to Sybil Reynolds; that the court require Sybil to reveal and account for any and all property transferred to her by W. D. Reynolds; and that plaintiff have judgment determining that a sum of money, approximately $3,500, allegedly held by the defendant Society is the property of W. D. Reynolds, and directing the application of so much thereof as is necessary to the satisfaction of plaintiff's money judgment against W. D. Reynolds.

At the outset plaintiff concedes that "if the action here were solely for the purpose of recovering a judgment against him (W. D. Reynolds) for that amount ($2,453.70) and the accrued interest thereon, or if the action here were primarily for that purpose and other relief here were sought as mere incidents to a principal remedy, concededly this action would not be one in which the 'matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3000.00.'" Plaintiff contends that "the value of the right for the protection of which she invokes an adjudication of a principal issue and the award of an ultimate remedy is expressed by the figure

which represents her interest in the property which it is alleged * * * was transferred in fraud of her equitable claim thereto. That figure is an absolute one, and the value it expresses does not consist of two distinct coordinate elements of principal and interest, but the integral and indivisible amount which plaintiff at the time the amended petition was filed had the right to assert against the fund held by the defendant Equitable Life Assurance Society of the United States, and the proceeds of funds which it has heretofore disbursed, * * *."

The amended complaint presents what is known as a creditor's bill to set aside a fraudulent conveyance. Some divergence has appeared in the federal courts as to the proper criterion for determining the amount in controversy in such cases. Three tests have been suggested at various times: (1) the amount of plaintiff's claim; (2) the value of the property sought for satisfaction of the claim; and (3) a combination of the first and second tests.

It is now settled by Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S. Ct. 480, 67 L.Ed. 871, that at least the plaintiff's claim must exceed $3,000 exclusive of interest, regardless of the value of the property involved in the litigation. See also Werner v. Murphy et al., C.C.N.J., 60 F. 769; Casey v. Baker et al., D.C.N.Y., 212 F. 247; and McDaniel et al. v. Traylor et al., C.C.Ark., 123 F. 338. In this Circuit the third test is followed, and both plaintiff's claim and the value of the property sought to be made available must meet the requirement of jurisdictional amount. Miller et al. v. First Service Corporation, 8 Cir., 84 F.2d 680, 109 A.L.R. 1179. This latter rule is approved as the sounder one in 1 Cyclopedia of Federal Practice, 2d Ed., Section 155, p. 365.

In determining the amount of plaintiff's claim it has never before been suggested in the reported cases that interest on a judgment could be used to enhance the amount in controversy in an action of this character. Interest in such case is compensation fixed by law for the detention of money rightfully due another. City of Pawhuska, Oklahoma, ex rel. Graham v. Midland Valley R. Company, 8 Cir., 33 F.2d 487, 489. It is interest eo nomine, and its computation to obtain jurisdiction is expressly interdicted. 28 U.S.C.A. § 41(1).

Plaintiff obtained judgment in 1941 for $2,453.70. If this suit had been filed immediately no one would have seriously contended that the amount in controversy met the statutory requirement. During the intervening four and one-half years, interest on the judgment has accrued, and defendant W. D. Reynolds now owes the sum of $3,131.31. The facts meet squarely "the statutory purpose to prevent delaying of suit merely to accumulate the necessary amount for jurisdiction." 1 Moore's Federal Practice, pp. 539, 540.

Plaintiff seeks to bring this case within the principle of Brown v. Webster, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440, by contending that the principal relief is sought against defendants Sybil Reynolds and the Society, and argues that the test of the amount in controversy is the value of the right plaintiff asserts against the funds allegedly held by them, and that the factor of interest is merely a device employed to ascertain the value of the right.

There is some difference of opinion in cases of this character as to whether the creditor's claim against the transferee is original, or is merely ancillary to the claim against the debtor. This issue is material in determining whether the value of the property conveyed by the debtor in fraud of his creditor must meet the test of jurisdictional amount, but under either view it is mandatory that the creditor's claim meet the statutory requirement. Lion Bonding & Surety Co. v. Karatz, supra; Pianta v. H. M. Reich Co., Inc., et al., 2 Cir., 77 F.2d 888. See also 1 Moore's Federal Practice, p. 529, and 2 Id., p. 2129, n. 27a(3). Here the creditor's claim is for the amount of his judgment.

If plaintiff were seeking damages, as distinguished from a liquidated monetary demand, interest calculation might be used "as an instrumentality in arriving at the amount of damages to be awarded on the principal demand." Brown v. Webster,

156 U.S. 328, 329, 15 S.Ct. 377, 39 L.Ed. 440. The distinction is aptly illustrated by comparing plaintiff's original complaint with the one under consideration.

■ Originally plaintiff charged a conspiracy among the three defendants fraudulently to dispose of the debtor's property in order to defeat her claim. Damages as a result of the conspiracy would have been the amount of money wrongfully withheld from plaintiff, and in determining that sum, certainly as to the defendants Sybil Reynolds and the Society, the device of interest might properly have been employed to compute the damages. The amended complaint is a creditor's bill, based on a judgment, to obtain equitable relief against assets alleged to be fraudulently held by some of the defendants. In such case the value of plaintiff's claim is the amount of the judgment, and since interest accruing after rendition of the judgment is accessory to it, it cannot be considered in determining the amount in controversy.

The same distinction makes inapposite here the case of Fitchner v. American Surety Company of New York, D.C.Fla., 2 F.Supp. 321. There the suit was against the Surety Company on a supersedeas bond given to supersede a judgment for $2,950 which plaintiff had obtained in the state court against his debtor. Plaintiff's judgment was apparently affirmed by the state Supreme Court, and he then brought action on the bond against the company which sought to remove to the federal court. The bond was conditioned to pay the amount of the judgment, interest and costs. On motion to remand for lack of jurisdiction, the court held that none of the elements added to make the jurisdictional amount were accessory since the bond was conditioned to pay them all. The interest computation was merely a convenient device to determine the extent of liability on the bond.

Nor is the principle announced in Edwards v. Bates County, 163 U.S. 269, 16 S. Ct. 967, 41 L.Ed. 155, applicable here. In that case the question was whether matured interest coupons on negotiable bonds could be considered in computing the amount in controversy. The court there explained the distinction between interest demands which constitute separable promises and distinct obligations, and interest which is accessory to some other demand.

A more obvious example of accessory interest than that which accrues upon an unsatisfied judgment would be difficult to conceive. Clearly it would not itself support a separate cause of action, nor can it be assigned so as to enable the assignee to bring suit for its recovery.

■ The fact that defendants petitioned for and obtained removal from the state to the federal court of an action similar to this one in the State of Oklahoma is not material. There is no principle more firmly established than that parties may never create jurisdiction in a federal court by waiver or consent. Miller v. First Service Corporation, 8 Cir., 84 F.2d 680, 683, 109 A.L.R. 1179. At any and all stages of the proceedings it is the duty of the federal courts to determine the existence of the elements which are essential prerequisites to invoking their limited jurisdiction. 28 U.S.C.A. § 80; McNutt et al. v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S. Ct. 780, 80 L.Ed. 1135; Miller v. First Service Corporation, supra.

■ Since in an action of this nature it is essential that the plaintiff's basic claim exceed the sum of $3,000, exclusive of interest, and because in this case the amount in controversy is only $2,453.70, the complaint must be dismissed as to all defendants, and costs will be assessed against the plaintiff.