**Horton Y. MULLINS**

v.

**Francis E. MULCAHY and John
F. Mulcahy.**

**Civ. A. No. 56–460–A.**

United States District Court
D. Massachusetts.

Dec. 21, 1956.

Joseph J. Krohn, Boston, Mass., for plaintiff.

John W. Mahaney, Natick, Mass., for defendant.

Charles A. Young, II, Boston, Mass., for third party defendant New England Ins.

ALDRICH, District Judge.

The plaintiff recovered a judgment in this court against the defendant Francis E. Mulcahy, in an amount in excess of $3,000, on which execution was issued, which execution remains unsatisfied. In the present action he seeks to set aside two alleged fraudulent conveyances of real estate by Francis E. Mulcahy to the defendant John F. Mulcahy. Francis' interest in said property is alleged to exceed $3,000. Plaintiff is a citizen of Alabama, and the Mulcahys of Massachusetts.

**876**

The defendants seasonably filed a demand for jury trial. Plaintiff moves to have this stricken. The defendants also moved to dismiss, alleging that the court lacks jurisdiction "to reach and apply real estate to satisfy a judgment." This motion has been once denied. At the present hearing they renew it. The question, of course, can be raised at any time. Miller v. First Service Corp., 8 Cir., 84 F.2d 680, 109 A.L.R. 1179.

This court may have no jurisdiction to "reach and apply" under the broad provisions of Mass.G.L. (Ter.Ed.) Ch. 214, § 3(7), Smith v. Lloyd, D.C. D.Mass., 207 F. 815. However, although there is singularly little direct authority, general federal equity jurisdiction has been recognized, at least in favor of judgment creditors, cf. Cates v. Allen, 149 U.S. 451, 13 S.Ct. 883, 37 L.Ed. 804, to set aside fraudulent conveyances. Miller v. First Service Corp., supra; Alkire Grocery Co. v. Richesin, C.C.W.D.Ark., 91 F. 79; Central National Bank v. Fitzgerald, C.C.D.Neb., 94 F. 16; cf. Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355. This is not a suit against the property alone, cf. Big Vein Coal Co. v. Read, 229 U.S. 31, 33 S.Ct. 694, 57 L. Ed. 1053, but between individuals. That the decree may involve real estate, or affect title thereto, is not without the power of the court. McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533; Johnson v. Gardner, 9 Cir., 179 F.2d 114, certiorari denied 339 U.S. 935, 70 S.Ct. 661, 94 L.Ed. 1353; Ebensberger v. Sinclair Refining Co., 5 Cir., 165 F.2d 803, certiorari denied 335 U.S. 816, 69 S.Ct. 35, 93 L.Ed. 371; Miller v. First Service Corp., supra. I see no reason for declining jurisdiction.

Turning to plaintiff's motion to strike, this being an essentially equitable matter, there is no jury trial as of right. Williams v. Collier, D.C.E.D.Pa., 32 F.Supp. 321; Johnson v. Gardner, supra. Treating defendants' demand for jury trial as a request for an advisory jury under Rule 39(c), 28 U.S.C.A., it is denied.